

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**RANDY NANDLALL**
*Assistant Corporation Counsel*
Tel.: (212) 356-2356
Fax: (212) 356-3509
rnandlal@law.nyc.gov

August 12, 2025

> The motion is DENIED without prejudice to defendant's right to seek to move to dismiss the action under Rule 12(b)(6).
>
> SO ORDERED.
> Dated: 8/13/25
>
> P. Kevin Castel
> United States District Judge

VIA ECF
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Michael Slane v. City of New York et al.,
           25 Civ. 3084 (PKC)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request that the Court direct plaintiff to amend his pleading to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

        By way of background, plaintiff first filed his Complaint in this action on April 14, 2025 and subsequently re-filed it on April 15, 2025 and again on April 17, 2025 because plaintiff's first two filed pleadings were deficient. *See, e.g.,* Dkt. Nos. 1, 3, 5. Defendant City's response to the Complaint is currently due on August 19, 2025. *See* Dkt. No. 12.

        Plaintiff's Complaint contains only two paragraphs asserting "factual allegations." *See* Dkt. No. 5 at ¶¶ 8-9. Paragraph 8 states "[t]hat on or about April 17, 2024 or [sic] about 10 a.m.[,] the plaintiff was arrested and incarcerated in Rikers Island. – EMTC, New York [sic]." Paragraph 9 states, largely in conclusory fashion, "[t]hat while in the custody and care of the defendants at Rikers Island without just cause or provocation the aforesaid defendants some unknown assaulted and battered the plaintiff."

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

Defendant City respectfully submits that plaintiff's Complaint is "so vague and ambiguous" that it "cannot reasonably prepare a response" or even properly investigate the allegations made. In particular, the Complaint fails to meaningfully allege any facts in support of plaintiff's claims. For example, plaintiff does not specify when the alleged incident occurred, where exactly it allegedly occurred, what allegedly happened (i.e., what type of force was used and under what circumstances), and who was allegedly involved (by name or physical description) and in what manner. Plaintiff also does not allege any specific injuries resulting from the alleged use of force.

Accordingly, defendant City respectfully requests that the Court direct plaintiff to amend his pleading to provide a more definite statement, pursuant to Fed. R. Civ. P. 12(e).

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Randy Nandlall*
Randy Nandlall
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA ECF**
      Michael N. David
      *Attorney for plaintiff*

2